Dear Sheriff Cazes:
You requested an opinion of this office regarding whether the Law Enforcement District of West Baton Rouge Parish (hereinafter "Law Enforcement District") may enter into an intergovernmental agreement with the Department of Public Safety and Corrections/Adult Parole — West Baton Rouge District (hereinafter "Department of Public Safety and Corrections") for the purpose of constructing an office building. This intergovernmental agreement would provide that the Law Enforcement District would construct the office building and then lease it to the Department of Public Safety and Corrections.
La.R.S. 33:1324 expressly grants authority to parishes, municipalities, police juries, etc. to enter into agreements to perform intergovernmental functions. It provides:
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 (1) Police, fire and health protection. . . . *Page 2 
Based on the above cited statute, parishes, municipalities or political subdivisions of the state have the authority to make agreements between or among themselves in order to perform intergovernmental functions. However, since the question presented contemplates the transfer of public property, it must also be addressed in light of Article VII, § 14 of the Louisiana Constitution, which provides in pertinent part:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .'
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Paragraph (A) of Section 14 generally prohibits the loan, pledge, or donation of public funds. Paragraph (C) authorizes the state and its political subdivisions, to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. Atty. Gen. Op. No. 07-0060. In other words, the cooperative endeavor must not authorize a loan, pledge, or donation of public funds. Therefore, in order to determine whether the cooperative endeavor would be valid, we have to determine whether it would violate Article VII, § 14(A).
Recently, in Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizensof the City of Gonzales, 938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (the"Cabela's case"), the Louisiana Supreme Court announced a new test to determine whether a gratuitous donation of public funds exits. The Court found that "Art. VII, § 14(A) is violated when public funds or property are gratuitously alienated."
We glean three things from the Cabela's case when it comes to determining whether an expenditure is gratuitous. First, it is evident that there must be a public purpose when expending funds. Second, the transaction must be looked at as a whole, and cannot appear to be gratuitous on its face. Third, public entities must have an expectation of receiving something of value when expending public funds. TheCabela's decision does not make it clear exactly what that value is or how it is calculated. In Cabela's, the non-gratuitous intent of *Page 3 
the public entities was demonstrated upon a showing by the entities that they expected to receive more than what they gave up. While the Court did not state that such a showing was necessary, it did make it clear that such a showing was an important factor in its decision. Therefore, it is clear to our office that a public entity must receive more than a nominal return or some minimal value in order for an expenditure to be non-gratuitous. Atty. Gen. Op. No. 07-0134.
According to your request and subsequent telephone conversation, the new office building is needed because the Department of Public Safety and Corrections has outgrown its present building. Therefore, we are of the opinion that the public funds are being spent for an intergovernmental purpose as set forth in La.R.S. 33:1324. It is further the opinion of this office that the proposed intergovernmental agreement is not a gratuitous donation of public funds because the Law Enforcement District will receive benefits from entering into the agreement. These benefits include rent that will be paid to the Law Enforcement District each month as well as other benefits the Sheriff's office will realize by having an effective and efficient working relationship with the Department of Public Safety and Corrections.
For the foregoing reasons, it is the opinion of this office that there is no impediment to the Law Enforcement District entering into an intergovernmental agreement with the Department of Public Safety whereby the Law Enforcement District builds an office building and leases it to the Department of Public Safety and Corrections. The proposed agreement appears to be valid and legal.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:
 Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt